```
 1  Matthew D. Pearson (SBN 294302)
    Matthew.Pearson@wbd-us.com
 2  WOMBLE BOND DICKINSON (US) LLP
 3  400 Spectrum Center Drive, Suite 1700
    Irvine, California 92618
 4  Telephone: (714) 557-3800
 5  Facsimile: (714) 557-3347

 6  Attorneys for Defendant
 7  ACCIDENT FUND HOLDINGS, INC.
    (erroneously sued as ACCIDENT FUND
 8  HOLDINGS, INC., D/B/A
    WWW.COMPWESTINSURANCE.COM)
 9
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| EMILY RODRIGUEZ, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACCIDENT FUND HOLDINGS, INC., d/b/a www.compwestinsurance.com,<br><br>Defendant. | Case No.: 2:25-cv-03920<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed Concurrently with Civil Cover Sheet; and Notice of Interested Parties]<br><br>Action Filed: March 24, 2025<br>Action Served: April 3, 2025 |
|---|---|

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, ACCIDENT FUND HOLDINGS, INC. (erroneously sued as Accident Fund Holdings, Inc. d/b/a www.compwestinsurance.com) ("Defendant"), removes the action filed by EMILY RODRIGUEZ ("Plaintiff") in the Superior Court of the State of California, in and for the County of Los Angeles, and captioned Case No. 25STCV08626, to the United States District Court for the Central District of California.

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446 because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Specifically, the United States District Court for the Central District of California embraces Los Angeles County. Thus, this Court is the district court to which this case is properly removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION & TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

3. On March 24, 2025, Plaintiff, on behalf of herself and, purportedly, all others similarly situated, filed a Class Action Complaint ("Complaint") against Defendant in the Superior Court of the State of California, in and for the County of Los Angeles, Case No. 25STCV08626 (the "State Court Action"). Plaintiff filed the complaint as a putative class action. Compl., ¶¶ 28-34.

4. On April 3, 2025, Plaintiff served a copy of the Summons and Complaint on Defendant.

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendant filed this removal within 30 days after service of Plaintiff's Complaint.

6. There are no other named defendants and no other defendants have appeared.

7. Exhibit "A" constitutes all process, pleadings, and orders served on Defendant in the State Court Action.

## CAFA JURISDICTION

1    8.    Basis of Original Jurisdiction.  This Court has original jurisdiction over this action under CAFA. 28 U.S.C. § 1332(d)(2) and (5) provide that a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000.  Section 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.

9.    As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) because it is a civil action filed as a class action involving more than 100 members; the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on the allegations that Plaintiff set forth in the Complaint; Plaintiff and Defendant are citizens of different states; and no Defendant is a state, state official, or government entity.

**DIVERSITY OF CITIZENSHIP**

10.    CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).  The citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F. 2d 790, 794 (9th Cir. 1986).  As the Ninth Circuit held, "[a] party's allegation of minimal diversity may be based on 'information and belief.' [citations omitted.] The pleading 'need not contain evidentiary submissions.'" *Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) *2 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)).

11.    Plaintiff's Citizenship.  As alleged in the Complaint, Plaintiff "is a resident and citizen of California."  Compl. ¶10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994).  Accordingly, Plaintiff is a citizen of the State of California.

12. **Defendant's Citizenship.** A corporation "shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" and is often referred to as "the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). "[I]n practice, [the corporation's principal place of business] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* Defendant is incorporated under the laws of Michigan and maintains its principal place of business in Lansing, Michigan. Compl. ¶11. Therefore, Defendant is a citizen of Michigan.

13. **Minimal Diversity.** Defendant has met the minimal diversity of citizenship required by CAFA because Plaintiff is a citizen of California and Defendant is a citizen of Michigan. *See* 28 U.S.C. § 1332(d)(2).

14. **Size of the Putative Class.** CAFA provides that district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). Here, Plaintiff has alleged and seeks to serve as a class representative of the following putative class: "All California residents whose personal information was shared with Meta or other third parties by Defendant without their effective and informed prior consent." Compl. ¶ 28.

15. Although Plaintiff alleges that he "believes the number [of putative class members] to be at least 50," Plaintiff's own allegations make clear that there are far more.

16. Plaintiff asserts a single claim against Defendant for violation of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 638.51. *See generally* Compl.

17. As the basis for her claim, Plaintiff alleges that Defendant violated CIPA by installing and/or using on its website, www.compwestinsurance.com (the "Site"), a "trap and trace device," which, under California law, is "'a device or process that captures the incoming electronic or other impulses that identif[ies] the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication.'" Compl., ¶ 21 (quoting Cal. Penal Code § 638.50(c)). Specifically, Plaintiff alleges that Defendant installed and/or used the Meta Pixel on the Site, Compl., ¶ 12, which, according to Plaintiff, "begins to collect information the moment a user lands on the Website before any pop-up or cookie banner advises users of the invasion or seeks their consent," *id.* at ¶ 16.

18. In other words, Plaintiff alleges that every time a "California citizen" visited the site, Defendant violated CIPA. *Id.* at ¶ 28.

19. CIPA has a one-year statute of limitations.[1] Therefore, to reach the 100 or more putative-class-member threshold under CAFA, a California resident would have had to visit the Site just once every three days over the last year. With California as one of the Site's biggest markets, it is likely that many more California citizens visited the Site in the relevant time period.

20. Defendant has established the 100 or more putative-class-member threshold required under CAFA.

## AMOUNT IN CONTROVERSY UNDER CAFA

21. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. Here, that amount is $5,000,000, in the aggregate. *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). In determining whether the amount in controversy exceeds $5,000,000, the Court must presume Plaintiff will prevail on each and every one of

---

[1] *Balanzar v. Fid. Brokerage Servs., LLC*, 654 F. Supp. 3d 1075, 1082 (S.D. Cal. 2023) ("CIPA is subject to a one-year statute of limitations.").

her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated")).

22. Here, although Plaintiff "estimates that the amount in controversy is approximately $3,000,000, Compl., ¶ 34, Plaintiff's estimate is belied by her own allegations.

23. As noted above, Plaintiff alleges that every time a California citizen visited the Site within the last year, Defendant violated CIPA. Plaintiff seeks an award of "statutory damages pursuant to CIPA" for each alleged violation. Compl. PRAYER FOR RELIEF, (2). CIPA provides that "[a]ny person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000) per violation" or "(2) Three times the amount of actual damages, if any, sustained by the plaintiff." Cal. Penal Code § 637.2(a). Therefore, to meet the $5 million dollar amount-in-controversy requirement under CAFA, Plaintiff need only allege 1,001 violations, or just under three per day within the relevant time period. With California being one of its largest markets, clearly more than three California citizens visited the Site per day.

24. These facts meet Defendant's requirement to include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 84 (holding defendants need not submit "evidence" establishing CAFA jurisdiction in their removal papers; rather, defendants only need to provide "a short and plain statement of the grounds for removal"); *see also Al-Najjar v. Kindred Healthcare Operating, Inc.*, No. CV 17-6166 PSG (FFMx), 2017 WL 4862067, at *2 (C.D. Cal. Oct. 26, 2017).

25. <u>Amount in Controversy</u>.  Without conceding that Plaintiff or the putative class members are entitled to or could recover damages in the amount or manner alleged, or at all, the amount in controversy in this putative class action exceeds $5,000,000, exclusive of interest and costs.[2]

26. The amount in controversy also includes the value of nonmonetary relief sought, which is determined from the defendant's perspective.  28 U.S.C. § 1446(c)(2)(A)(i); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).  Here, Plaintiff seeks unspecified injunctive relief.  Compl., ¶30(d).

27. Because of the high statutory damages at issue and the requested nonmonetary relief, it is plausible that the amount in controversy in this action exceeds $5,000,000.

28. Accordingly, removal of this action is proper under CAFA.

## NOTICE OF INTERESTED PARTIES

29. Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Defendant is filing a Notice of Interested Parties concurrently with this Notice of Removal.

## NOTICE

30. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

---

[2] This Notice does not concede and should not be construed as evidence that Defendant violated the legal rights of Plaintiff or any putative class members. The argument and the calculations of potential damages presented here are based on the allegations in the Complaint and solely for purposes of this Notice.

4881-0490-3866.2

Respectfully submitted,

Dated: May 2, 2025

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Matthew D. Pearson*
MATTHEW D. PEARSON

*Attorneys for Defendant*
Accident Fund Holdings, Inc., d/b/a www.compwestinsurance.com