Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACCIDENT FUND HOLDINGS, INC., a Michigan entity, d/b/a
WWW.COMPWESTINSURANCE.COM,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EMILY RODRIGUEZ, individually and on behalf of all others similarly
situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
3/24/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES,
312 N. SPRING STREET, LOS ANGELES, CA 90012

CASE NUMBER:
*(Número del Caso):*
25STCV08626

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091)
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660
Phone No.: (949) 706-6464

DATE:
*(Fecha)* 03/24/2025

Clerk, by
*(Secretario)* G. Cordon

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

LexisNexis® Automated California Judicial Council Forms

1

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

2

Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com

3

David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com

4

Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com

5

4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660

6

Tel: (949) 706-6464
Fax: (949) 706-6469

7

8

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/24/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk

9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

## FOR THE COUNTY OF LOS ANGELES

11

12

EMILY RODRIGUEZ, individually and on behalf of all others similarly situated,

13

Plaintiffs,

14

v.

15

ACCIDENT FUND HOLDINGS, INC., a Michigan entity, d/b/a

16

WWW.COMPWESTINSURANCE.COM,

17

Defendant.

Case No. 25STCV08626

**CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT**

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.    Californians increasingly conduct their lives and activities over the Internet, sharing often sensitive personal information with companies by using company websites rather than landline telephones.

2.    Defendant created its own online presence at ***compwestinsurance.com*** (the "Website") to communicate with potential customers, encouraging engagement with this electronic medium – Defendant's Website -- as an alternative to the telephonic or in-person interaction.  Defendant did this to enable potential customers to obtain information from and about Defendant's insurance products, and to enable Defendant to elicit information from potential customers about their specific needs and desires.

3.    Defendant well understands that its Website is a means to communicate privately with potential customers – a consumer expectation that is not only reasonable, but actively nurtured by Defendant.  Indeed, Defendant assures visitors that ***"We are dedicated to handling your personal information with care and keeping it secure."***  *See* https://www.compwestinsurance.com/privacy-policy/ (last accessed November 2024).

4.    Defendant's promise is false.  In reality, Defendant aids a third party (Meta Systems, Inc., owner of Facebook and Instagram) to surveil every detail of its interactions with visitors to its Website, thereby allowing Meta to create detailed portraits of Website visitors' interests, needs, and desires and bombard them with advertising.[1]

5.    In short, Defendant falsely promised Website visitors that it would protect their privacy, but then secretly monetized their personal information by enabling Meta to spy on those visitors, surveil their journey across the web, track their location and lifestyle habits, and bombard them with targeted advertising.  Rather than candidly disclose this arrangement, Defendant explicitly and implicitly assured Website visitors that their identities and privacy would be protected.  In short, Defendant lied.

6.    Plaintiff visited Defendant's website several times, most recently in mid-2024.  Without Plaintiff's or class members' knowledge or consent, Defendant deployed Meta's de-anonymization process to identify Plaintiff using electronic impulses generated from Plaintiff's device, as further

---

[1]    While the allegations in this Complaint focus on Meta, the website plays host to a cornucopia of other invasive tracking and surveillance products, details of which will be explored in discovery.

1   described herein.  Defendant's installation of the Meta tracing process violates California's Trap and

2   Trace Law, codified at California Penal Code § 638.51.

3                                        **JURISDICTION AND VENUE**

4          7.      As a Court of general jurisdiction, This Court has jurisdiction over all matters presented

5   to it per the mandates of the California Constitution.

6          8.      Venue is proper in this County because some of the class members' claims arose in this

7   county.

8          9.      Defendant is subject to jurisdiction under California's "long-arm" statute found at

9   California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant

10  is not "inconsistent with the Constitution of this state or the United States."

11                                              **PARTIES**

12         10.     Plaintiff is a resident and citizen of California.

13         11.     Defendant is an insurance conglomerate based in Michigan that markets insurance

14   services.

15                                      **FACTUAL ALLEGATIONS**

16  **Defendant's Website Spies on Visitors.**

17         12.     Defendant operates the Website. Defendant has installed on its Website a spyware pixel

18  created by Meta in order to identify website visitors (the "Meta Spyware").

19         13.     The Meta Spyware acts via a process known as "fingerprinting."  Put simply, the Meta

20  Spyware collects as much data as it can about an otherwise anonymous visitor to the Website and

21  matches it with existing data Meta has acquired and accumulated about hundreds of millions of

22  Americans.

23         14.     The Meta Spyware gathers device and browser information, geographic information,

24  referral tracking, and url tracking by running code or "scripts" on the Website to send user details to

25  Meta.

26         15.     One leading defense law firm specializing in privacy litigation summarizes the Meta

27  Pixel this way:

28

1   "*The Meta Pixel is a piece of code embedded in the HTML code of a website. When a user*
2   *visits the website, the Pixel sends Meta information about the user's actions on the website.*
3   *The Pixel is customizable, allowing the website to track specific user characteristics by*
4   *changing certain variables in the code. Some Pixel parameters allow Meta to link a user's*
5   *online actions with their offline purchases in physical stores. . . .Think of the Pixel as a door*
6   *installed in the website, with Meta on one side of the door and the user on the other. Meta*
7   *can gather data and see how the user interacts with the website: if they enter their email, if*
8   *they click on a link, if they add something to their cart. Meta and the website can use this*
9   *data to better target ads.*"

10  *See*      https://www.kslaw.com/news-and-insights/the-meta-pixel-an-open-door-to-sensitive-data-and-
11  data-privacy-suits (last accessed November 2024).  Below is a visual depiction of the preceding:



20  16.    The Meta Spyware begins to collect information the moment a user lands on the Website
21  before any pop-up or cookie banner advises users of the invasion or seeks their consent.

22  17.    The Meta Spyware also requests, validates, and transmits other identifying information,
23  including a website visitor's phone numbers and email addresses.

24  18.    By sharing plaintiff's and class members' personal and de-anonymized data with Meta,
25  Defendant effectively "doxed" them.

26  19.    Plaintiff is both (1) genuinely interested in the goods, services, and information available
27  on Defendant's website, and (2) a consumer privacy advocate who works as a "tester" to ensure that
28  companies abide by the privacy obligations imposed by California law.  As the Ninth Circuit recently

1   made exceptionally clear that it is "necessary and desirable for committed individuals to bring serial

2   litigation" to enforce and advance consumer protection statutes, and that Courts must not make any

3   impermissible credibility or standing inferences against them. *Langer v. Kiser*, 57 F.4th 1085, 1095

4   (9th Cir. 2023).

5       20.    An image of the invasive Meta/Facebook code deployed on the browser, without consent

6   provided by the user, can be seen here:



17  As shown below, Defendant instantly sends communications to Facebook when a user views the page

18  and track page interactions, with the right side of the below image showing the various Facebook scripts

19  being run by Defendant, and the electronic impulses being sent to Facebook to add to their collection of

20  user behavior:



**The Meta Spyware is a Trap and Trace Device.**

21.     California Penal Code § 638.50(c). California law defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."   California Penal Code § 638.50(c).

22.     The Meta pixel allows Defendant to link to a visitors Facebook account by placing a small piece of code on the website that tracks visitor activity and reports it to Meta, thereby allowing Meta and its platforms (like Facebook and Instagram) to identify and match those visitors to their Facebook and Instagram accounts, enabling Defendant to target them with ads based on their actions on the website.

23.     The Meta Spyware is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, who are never informed that the website is collaborating with the Chinese government to obtain their phone number and other identifying information.

24.     The Meta Spyware is "reasonably likely" to identify the source of incoming electronic impulses.  In fact, it is designed solely to meet this objective.

25.     Defendant did not obtain Plaintiff's express or implied consent to be subjected to data sharing with Meta for the purposes of fingerprinting and de-anonymization.

26.     CIPA imposes civil liability and statutory penalties for the installation of trap and trace software without a court order. California Penal Code § 637.2; s*ee also Shah v. Fandom, Inc.*, 2024 U.S. Dist. LEXIS 193032 (N.D. Cal. Oct. 21, 2024).

27.     Defendant did not obtain Plaintiff's or class members' express or implied consent to be subjected to data sharing with Meta for the purposes of fingerprinting and de-anonymization.

## **CLASS ALLEGATIONS**

28.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All California citizens whose personal information was shared with Meta or other third parties by Defendant without their effective and informed prior consent.**

29.    <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be at least 50.  The exact identities of Class Members may be ascertained by the records maintained by Defendant.

30.    <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    a.    Whether Defendant shared class members' personal information with Meta or other third parties;

    b.    Whether Defendant obtain effective and informed consent to do so;

    c.    Whether Plaintiff and Class Members are entitled to statutory penalties; and

    d.    Whether Class Members are entitled to injunctive relief.

31.    <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose personal information was shared by Defendant, Plaintiff is asserting claims that are typical of the Class.

32.    <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

33.    <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

34.    <u>AMOUNT IN CONTROVERSY</u>:   Inclusive of all class member claims, Plaintiff estimates that the amount in controversy is approximately $3,000,000.   The precise amount in controversy can be determined from Defendant's records.

## CAUSE OF ACTION

### Violations of the California Trap and Trace Law

### Cal. Penal Code § 638.51

35.    California's Trap and Trace Law is part of the California Invasion of Privacy Act ("CIPA") codified at Cal. Penal Code 630, *et. seq*.

36.    CIPA was enacted to curb "the invasion of privacy resulting from the continual and increasing use of" certain technologies determined to pose "a serious threat to the free exercise of personal liberties."   CIPA extends civil liability for various means of surveillance using technology, including the installation of a trap and trace device.

37.    A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."   California Penal Code § 638.50(c).

38.    California Penal Code §638.51 provides that "a person may not install or use…a trap and trace device without first obtaining a court order…" § 638.51(a).

39.    Defendant uses a trap and trace process on its Website by deploying the Meta Spyware on its Website, because the software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As such, the Meta Spyware is solely to identify the source of the incoming electronic and wire communications to the Website.

40.    Defendant did not obtain consent from Plaintiff and class members before using trap and trace technology to identify users of its Website, and has violated Section 638.51.

41.    CIPA imposes civil liability and statutory penalties for violations of §638.51.

42.    Therefore, Plaintiff and class members are entitled to the relief set forth below.

## PRAYER

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the class and making all appropriate class management orders;

2.     Statutory damages pursuant to CIPA;

3.     Reasonable attorneys' fees and costs; and

4.     All other relief that would be just and proper as a matter of law or equity, as determined by the Court.


Dated:  March 23, 2025                              PACIFIC TRIAL ATTORNEYS, APC


                                                    By:_____
                                                    Scott. J. Ferrell
                                                    Attorneys for Plaintiff

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800,  Newport Beach, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464          FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>3/24/2025 12:00 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By G. Cordon, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Rodriguez, et al. v. Accident Fund Holdings, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>25STCV08626 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [X] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [X] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 23, 2025

Scott J. Ferrell
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

LexisNexis® Automated California Judicial Council Forms

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Accident Fund Holdings, Inc. | 25STCV08626 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Accident Fund Holdings, Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Accident Fund Holdings, Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Accident Fund Holdings, Inc. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Rodriguez, et al. v. Accident Fund Holdings, Inc. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>200 N. Grand Ave. |
|---|---|
| CITY:<br>Lansing | STATE:<br>MI |  ZIP CODE:<br>48901 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __03/23/2025__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/24/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ G. Cordon _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV08626 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Kenneth R. Freeman | 14 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/25/2025
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By G. Cordon _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/27/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ I. Arellanes _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Emily Rodriguez, | |
| DEFENDANT/RESPONDENT:<br>Accident Fund Holdings, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25STCV08626 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re. Newly Filed Class Action;) of 03/27/2025, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Scott Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Dr 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: 03/28/2025                    By:    I. Arellanes
                                                    Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 14

**25STCV08626**                                                          March 27, 2025
**EMILY RODRIGUEZ vs ACCIDENT FUND HOLDINGS,**                                  2:46 PM
**INC., A MICHIGAN ENTITY,**

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: I. Arellanes              ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re. Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 08/22/2025 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**25STCV08626**                                                    March 27, 2025
**EMILY RODRIGUEZ vs ACCIDENT FUND HOLDINGS,**                          2:46 PM
**INC., A MICHIGAN ENTITY,**

| | |
|---|---|
| Judge: Honorable Kenneth R. Freeman | CSR: None |
| Judicial Assistant: I. Arellanes | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 14

**25STCV08626**                                                                    March 27, 2025
**EMILY RODRIGUEZ vs ACCIDENT FUND HOLDINGS,**                  2:46 PM
**INC., A MICHIGAN ENTITY,**


Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: I. Arellanes              ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

---

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

**FILED**
Superior Court of California
County of Los Angeles

**MAR 27 2025**

David W. Slayton, Executive Officer/Clerk of Court
By: I. Arellanes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| EMILY RODRIGUEZ | Case No.  25STCV08626 |
| Plaintiff,<br>vs. | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| ACCIDENT FUND HOLDINGS, INC. | Case Assigned for All Purposes to<br>Judge Kenneth R. Freeman |
| Defendants. | Department:  14<br>Date:       August 22, 2025<br>Time:       10:00 a.m. |

16

17

18

19

20

21

22

23

24

25

26

27

28

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program and has been designated as complex pursuant to CRC 3.400(a). It thus requires exceptional judicial management. Accordingly, all provisions of this Initial Status Conference are deemed necessary to carry out the purposes of Rule 3.400(a), and to promote effective decision-making by the Court. They are based upon individual consideration of this complex action.

The parties MUST sign up with an e- service provider at least ten court days in advance of the Initial Status Conference and advise the Court, via email to sscdept14@lacourt.org, which provider was selected.

An Initial Status Conference is set for **August 22, 2025, at 10:00 a.m., in Department 14** located in the **Spring Street Courthouse,** at United States District Court, at 312 N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.

INITIAL STATUS CONFERENCE ORDER

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five (5) court days **(August 15, 2025)** before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the

-2-

docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- ■ Early motions in limine,
- ■ Early motions about particular jury instructions,
- ■ Demurrers,
- ■ Motions to strike,
- ■ Motions for judgment on the pleadings, and
- ■ Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which

-3-

(depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12. INSURANCE COVERAGE:** Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,

- A schedule for alternative dispute resolution, if it is relevant,

- A filing deadline for the motion for class certification, and

- Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 14) prefers that the parties select:

- **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may choose instead

---

[1] See California Rule of Court, Rule 3.768.

-4-

■ File & Serve Xpress (https://secure.fileandservexpress.com)

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Pursuant to Los Angeles Superior Court, rule 3.4(a), represented litigants are required to electronically file documents with the Court through an approved Electronic Filing Service Provider.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. **THIS STAY SHALL PRECLUDE THE FILING OF ANY AMENDED COMPLAINT, ANSWER, DEMURRER, MOTION TO STRIKE, OR MOTIONS CHALLENGING THE JURISDICTION OF THE COURT.**

However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

---

[2] California Rule of Court, Rule 3.770(a)

-5-

1    challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

2    to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

3    parties in managing this "complex" case through the development of an orderly schedule for

4    briefing and hearings on procedural and substantive challenges to the complaint and other issues

5    that may assist in the orderly management of these cases.  This stay shall not preclude the parties

6
     from informally exchanging documents that may assist in their initial evaluation of the issues
7
     presented in this case, however, shall stay all outstanding discovery requests.
8
9              Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

10   counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

11   service of this order. If any defendant has not been served in this action, service is to be completed

12   within twenty (20) days of the date of this order.

13             Dated:  **MAR 2 7 2025**

14

15

16                                                    _____
                                                      Judge Kenneth R. Freeman
17

18

19

20

21

22

23

24

25

26

27

28

                                                      -6-

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

**Electronically FILED by
Superior Court of California,
County of Los Angeles
4/15/2025 2:51 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Perez, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

EMILY RODRIGUEZ, individually and on behalf of all others similarly situated,

        Plaintiff,

        v.

ACCIDENT FUND HOLDINGS, INC., a Michigan entity,
d/b/a WWW.COMPWESTINSURANCE.COM,

        Defendants.

Case No. 25STCV08626
Assigned to Hon. Kenneth R. Freeman, Dept. SS14

**NOTICE RE COURT'S ORDER RE INITIAL STATUS CONFERENCE ORDER AND INITIAL STATUS CONFERENCE**

Filed: March 24, 2025
Trail Date: None Set

TO ALL PARTIES TO THIS ACTION AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that this matter has been designated as Complex.

The Court has scheduled an Initial Status Conference for August 22, 2025, in Department SS14, of the above-entitled court located at 312 N. Spring St, Los Angeles, CA 90012.

A true and correct copy of the Court's Minute Order dated March 27, 2025, is attached hereto as Exhibit A.

A true and correct copy of the Court's Initial Status Conference Order is attached hereto as Exhibit B.

Dated:  April 15, 2025                    PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott J. Ferrell
Attorney for Plaintiff and the Class

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**25STCV08626**                                                                            March 27, 2025
**EMILY RODRIGUEZ vs ACCIDENT FUND HOLDINGS,**                                                      2:46 PM
**INC., A MICHIGAN ENTITY,**

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: I. Arellanes             ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re. Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
08/22/2025 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**25STCV08626**                                                       March 27, 2025
**EMILY RODRIGUEZ vs ACCIDENT FUND HOLDINGS,**                              2:46 PM
**INC., A MICHIGAN ENTITY,**


Judge: Honorable Kenneth R. Freeman            CSR: None
Judicial Assistant: I. Arellanes               ERM: None
Courtroom Assistant: None                      Deputy Sheriff: None

Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended
Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a
Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to
https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for
"Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's
First Amended General Order of May 3, 2019, particularly including the provisions therein
requiring Bookmarking with links to primary documents and citations; that Order is available on
the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every
new case to use an approved third-party cloud service that provides an electronic message board.
In order to facilitate communication with counsel prior to the Initial Status Conference, the
parties must sign-up with the e-service provider at least ten (10) court days in advance of the
Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and
parties to make audio or video appearances in Los Angeles County courtrooms.
LACourtConnect technology provides a secure, safe and convenient way to attend hearings
remotely. A key element of the Court's Access LACourt YOUR WAY program to provide
services and access to justice, LACourtConnect is intended to enhance social distancing and
change the traditional in-person courtroom appearance model. See
https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS")
portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the
Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1
is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own
arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information
on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 14

**25STCV08626**                                                               March 27, 2025
**EMILY RODRIGUEZ vs ACCIDENT FUND HOLDINGS,**                                    2:46 PM
**INC., A MICHIGAN ENTITY,**

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: I. Arellanes             ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

Counsel are directed to access the following link for further information on procedures in the
Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within seven (7) days
of service.

Certificate of Mailing is attached.

EXHIBIT B

03282025

1
2
3
4
5
6

**FILED**
Superior Court of California
County of Los Angeles

**MAR 27 2025**

David W. Slayton, Executive Officer/Clerk of Court

By: I. Arellanes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| EMILY RODRIGUEZ | Case No. 25STCV08626 |
| Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| vs. | |
| ACCIDENT FUND HOLDINGS, INC. | Case Assigned for All Purposes to Judge Kenneth R. Freeman |
| Defendants. | Department: 14 Date:        August 22, 2025 Time:        10:00 a.m. |

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program and has been designated as complex pursuant to CRC 3.400(a). It thus requires exceptional judicial management. Accordingly, all provisions of this Initial Status Conference are deemed necessary to carry out the purposes of Rule 3.400(a), and to promote effective decision-making by the Court. They are based upon individual consideration of this complex action.

The parties MUST sign up with an e- service provider at least ten court days in advance of the Initial Status Conference and advise the Court, via email to sscdept14@lacourt.org, which provider was selected.

An Initial Status Conference is set for **August 22, 2025, at 10:00 a.m., in Department 14** located in the **Spring Street Courthouse**, at United States District Court, at 312 N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.

INITIAL STATUS CONFERENCE ORDER

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five (5) court days **(August 15, 2025)** before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the

-2-

docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Early motions in limine,
- Early motions about particular jury instructions,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which

-3-

1    (depending on circumstances) may include factual issues also touching the merits.  The Court

2    generally does not permit extensive or expensive discovery relevant only to the merits (for

3    example, detailed damages discovery) unless a persuasive showing establishes early need.  If any

4    party seeks discovery from absent class members, please estimate how many, and also state the

5    kind of discovery you propose[1].

6
7        **12.  INSURANCE COVERAGE:**  Please state if there is insurance for indemnity or

8    reimbursement.

9        **13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each

10   party's position about it.  If pertinent, how can the Court help identify the correct neutral and

11   prepare the case for a successful settlement negotiation?

12       **14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for

13   the following:

14       ■  The next status conference,

15
16       ■  A schedule for alternative dispute resolution, if it is relevant,

17       ■  A filing deadline for the motion for class certification, and

18       ■  Filing deadlines and descriptions for other anticipated non-discovery motions.

19       **15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program

20   requires the parties in every new case to use a third-party cloud service. While the parties are free

21   to choose one of the services shown below, this Court (Department 14) prefers that the parties

22   select:

23       ■  **Case Anywhere (http://www.caseanywhere.com).**

24
25       The parties are not required to select Case Anywhere, but may choose instead

26   _____

27   [1]  See California Rule of Court, Rule 3.768.

28
                                    -4-

■ File & Serve Xpress (https://secure.fileandservexpress.com)

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Pursuant to Los Angeles Superior Court, rule 3.4(a), represented litigants are required to electronically file documents with the Court through an approved Electronic Filing Service Provider.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. **THIS STAY SHALL PRECLUDE THE FILING OF ANY AMENDED COMPLAINT, ANSWER, DEMURRER, MOTION TO STRIKE, OR MOTIONS CHALLENGING THE JURISDICTION OF THE COURT.**

However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

---

[2] California Rule of Court, Rule 3.770(a)

-5-

1   challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

2   to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

3   parties in managing this "complex" case through the development of an orderly schedule for

4   briefing and hearings on procedural and substantive challenges to the complaint and other issues

5   that may assist in the orderly management of these cases.  This stay shall not preclude the parties

6
    from informally exchanging documents that may assist in their initial evaluation of the issues

7   presented in this case, however, shall stay all outstanding discovery requests.

8
9        Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

10  counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

11  service of this order. If any defendant has not been served in this action, service is to be completed

12  within twenty (20) days of the date of this order.

13      Dated:   **MAR 2 7 2025**

14

15

16      _____
        Judge Kenneth R. Freeman
17

18

19

20

21

22

23

24

25

26

27

28
                                    -6-

1

2

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

4          I am employed in the County of Orange, State of California.  I am over the age of 18 and not a
party to the within action; my business address is 4100 Newport Place, Suite 800, Newport Beach, CA

5    92660.

6          On April 15, 2025, I served the foregoing document described as **NOTICE RE COURT'S**
**ORDER RE INITIAL STATUS CONFERENCE ORDER AND INITIAL STATUS**

7    **CONFERENCE** on the following person(s) in the manner indicated:

8                                    **SEE ATTACHED SERVICE LIST**

9    ☒      (BY MAIL)   I am familiar with the practice of Pacific Trial Attorneys for collection and
processing of correspondence for mailing with the United States Postal Service.  Correspondence so

10   collected and processed is deposited with the United States Postal Service that same day in the
ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope,

11   with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection
and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business

12   practices.

13

14   ☐      (BY OVERNIGHT FEDERAL EXPRESS)  I am familiar with the practice of Pacific Trial
Attorneys for collection and processing of correspondence for delivery by overnight courier.

15   Correspondence so collected and processed is deposited in a box or other facility regularly maintained
by Federal Express that same day in the ordinary course of business. On this date, a copy of said

16   document was placed in a sealed envelope designated by Federal Express with delivery fees paid or
provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal

17   Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

18   ☐      (BY HAND DELIVERY)  I am familiar with the practice of Pacific Trial Attorneys for
collection and processing of correspondence for hand delivery by courier.  I caused such document t

19   be delivered by hand to the addresse(s) designated.

20

21   ☐      (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served by email from the
electronic notification address of _____@pacifictrialattorneys.com the document described above on

22   the date shown below to the email addresses of the persons listed in the attached service list.

23   ☐      (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document
described above and a copy of this declaration to the person, on the date shown below, to the email

24   addresses of the persons listed in the attached service list.  I am readily familiar with the business' practice
for filing electronically, and that the document would be electronically served the same day in the ordinary

25   course of business following ordinary business practices.

26          I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct, and that this declaration was executed on April 15, 2025, at Newport Beach,

27   California.

28                                    _____
                                     Chantel Kirshner

1

2                              **SERVICE LIST**

3    ACCIDENT FUND HOLDINGS, INC.          Registered Agent for Defendant
4    c/o Kevin Zielke                      ACCIDENT FUND HOLDINGS, INC.
     200 N. Grand Ave.
5    Lansing, MI 48933

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and Address)* | *FOR COURT USE ONLY* |
|---|---|
| SCOTT J. FERRELL, (SBN: 202091)<br>VICTORIA C. KNOWLES (SBN: 277231)<br>David W. Reid, (SBN 267382)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464    FAX NO. *(Optional):* (949) 706-6469<br>E–MAIL ADDRESS *(Optional):* sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name):* PLAINTIFF | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/23/2025 9:53 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By R. Lozano, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**<br>STREET ADDRESS: 312 N. Spring St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Spring Street Courthouse | |
| PLAINTIFF/PETITIONER: Emily Rodriguez , individually and on behalf of all others similarly situated<br><br>DEFENDANT/RESPONDENT: Accident Fund Holdings, Inc., a Michigan Entity, d/b/a www.compwestinsurance.com | CASE NUMBER: **25STCV08626** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1211722JR |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of :
   a. ☒   Summons
   b. ☒   Complaint
   c ☒   Alternative Dispute Resolution (ADR) package
   d ☒   Civil Case Cover Sheet *(served in complex cases only)*
   e ☐   cross-complaint
   f. ☒   other *(specify documents):* Minute Order; Voluntary Efficient Litigation Stipulations Package ; Order Pursuant to CCP 1054 (a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation ; Civil Case Cover Sheet Addendum and Statement of Location ; Notice of Case Assignment ; First Amended General Order;

3. a. Party served: *(specify name of party as shown on documents served):*
      Accident Fund Holdings, Inc., a Michigan Entity, d/b/a www.compwestinsurance.com
   b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
      Kevin Zielke, Agent for Service of Process

4. Address where the party was served:    200 N. Grand Ave.
      LANSING, MI 48933

5. I served the party *(check proper box)*
   a. ☐ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at: *(time)*

   b. ☒ **by substituted service**. On *(date):* 04/03/2025    at: *(time)* 12:19 PM . I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3):* "Jane Doe", Apparently in charge, (Refused Name, Age: 50s Ethnicity: Caucasian Gender: Female Weight: 225 Height: 6' Hair: Gray )
      (1) ☒   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☒   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):    (city):    **or** ☒ a declaration of mailing is attached.
      (5) ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |

| PLANTIFF/PETITIONER: Emily Rodriguez , individually and on behalf of all others similarly situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Accident Fund Holdings, Inc., a Michigan Entity, d/b/a www.compwestinsurance.com | 25STCV08626 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):                      (1) (city):
    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)
    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d. ☐ **by other means** (specify means of service and authorizing code section):
           ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☐ as an individual defendant
    b. ☐ as the person sued under the fictitious name of (specify):
    c. ☒ on behalf of (specify): Accident Fund Holdings, Inc., a Michigan Entity, d/b/a www.compwestinsurance.com
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
    a.  Name: Justin Douse
    b.  Address: **800 W. 1ST STREET, SUITE 200-B**
        **LOS ANGELES, CALIFORNIA 90012**
    c.  Telephone number: **(213) 607-9000**
    d.  The fee for service was: $ 300.00
    e.  I am:
        (1) ☒ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☐ registered California process server:
               (i)  ☐ owner  ☐ Employee  ☐ independent contractor.
               (ii) ☐ Registration No.:
               (iii) ☐ County: State of MI

**USA Legal Network**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    Or
9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: 04/07/2025

Justin Douse
_____    _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)    (SIGNATURE)

                                                  **Page 2 of 2**

Form Adopted for Mandatory Use                 **PROOF OF SERVICE OF SUMMONS**          Code of Civil Procedure § 417.10
  Judicial Council of California
POS-010 [Rev. January 1, 2007]

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number & Address):* | TELEPHONE NO.: | *FOR COURT USE ONLY* |
|---|---|---|
| SCOTT J. FERRELL, (SBN: 202091)<br>VICTORIA C. KNOWLES (SBN: 277231)<br>David W. Reid, (SBN 267382)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br>ATTORNEY FOR *(Name):* PLAINTIFF | (949) 706-6464<br><br>TRACKING NO.:<br>1211722JR | |

| NAME OF COURT & DISTRICT/BRANCH, IF ANY: |
|---|
| Los Angeles County Superior Court of California - SPRING STREET COURTHOUSE |

| SHORT TITLE OF CASE: |
|---|
| Emily Rodriguez , individually and on behalf of all others similarly situated VS Accident Fund Holdings, Inc., a Michigan Entity, d/b/a www.compwestinsurance.com |

| **DECLARATION OF MAILING** | HEARING DATE: | TIME: | DEPT./DIV.: | CASE NUMBER:<br>25STCV08626 |
|---|---|---|---|---|

At the time of service attempt(s), I  was at least 18 years old and not a party to the above noted action

1.  I served the:

    a.  documents:  **SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; Alternative Dispute Resolution (ADR) Package ; Minute Order; Voluntary Efficient Litigation Stipulations Package ; Order Pursuant to CCP 1054 (a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation ; Civil Case Cover Sheet Addendum and Statement of Location ; Notice of Case Assignment ; First Amended General Order;**

    b.  on *(name):*  Accident Fund Holdings, Inc., a Michigan Entity, d/b/a www.compwestinsurance.com

    c.  address:  200 N. Grand Ave.<br>        LANSING, MI 48933

    d.  by mailing<br>        1.  date:  04/04/2025<br>        2.  from:  LOS ANGELES, CA

2.  Manner of service:<br>    ☒ FIRST CLASS, POSTAGE PREPAID MAILING<br>       ☐ CERTIFIED   ☐ NOT CERTIFIED

3.  At the time of service I was at least 18 years old and not a party to the action.

Process Server:<br>**ARA KAZARIAN**<br>800 W. 1ST St.., Suite 200-B<br>Los Angeles, CA  90012<br>(213) 607-9000

☒ Not A Registered California Process Server<br>☐ Registered California Process Server<br>☐ Registration No.:<br>☐ County:<br>☒ Fee for service:  $ 280.00



**USA Legal Network**

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on :

Date:  04/07/2025                    Signature_____